IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV304-03-MU

| | |
|---|---|
| BRENT JACOBY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **O R D E R**<br>BUNCOMBE COUNTY DRUG TREATMENT )<br>PROGRAM et., al, )<br>)<br>Defendants. )<br>_____ ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1) filed on August 7, 2009.

In his Complaint, Plaintiff alleges that the Defendants conspired against him "in violation of the 1st, 4th, 6th and 14th amendments to kick Plaintiff out of the Drug Treatment court program." (Complaint at 1.) Plaintiff also lists several other constitutional (and non constitutional) violations based on the same set of facts. Plaintiff contends that on March 21, 2008, he was accepted into the drug treatment court program in the Buncombe County Superior Court. On May 2, 2008, he was terminated from the program without being present or given a chance to explain. (Complaint at 7.) Plaintiff asks this Court to award him compensatory, punitive and nominal damages.

First, Plaintiff has not stated a Constitutional claim for relief. Indeed, Plaintiff does not have a constitutional right to participate in the drug treatment program. See Moody v. Daggett,

1

429 U.S. 78, 88 n.9 (1976) (Congress has given prison officials full discretion to determine eligibility for rehabilitative programs, and prisoners thus have no statutory or constitutional entitlement sufficient to invoke due process).

Next, to the extent that Plaintiff is challenging the county court's decision to terminate him from the program, lower federal courts lack jurisdiction to review challenges to state court proceedings, except in habeas corpus actions. <u>Jordahl v. Democratic Party of Virginia</u>, 122 F.3d 192, 199 (4th Cir. 1997); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co</u>., 263 U.S. 413, 415-16 (1923). This is not a habeas proceeding, but instead a civil rights case filed pursuant to 28 U.S.C. § 1983.

Therefore, this case will be dismissed for failure to state a claim for relief. To the extent Plaintiff has stated a claim for relief, this Court does not consider itself to have jurisdiction to entertain Plaintiff's claim pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine..

**SO ORDERED**.

Signed: August 13, 2009

Graham C. Mullen
United States District Judge

2